23648

In the Matter of Edmonds T. BROWN, III, Respondent.

(417 S.E. (2d) 590)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *for complainant.*

*Justin O'Toole Lucey,* of *Lucey & Whitten, P.A.,* Charleston, *for respondent.*

Submitted March 30, 1992.

Decided April 27, 1992.

*Per Curiam:*

In this attorney grievance proceeding, respondent admits that he has committed ethical violations and consents to a six (6) month suspension from the practice of law in this State. Respondent has also agreed to pay monthly restitution in an

amount to be determined by the Board of Commissioners on Grievances and Discipline during the period of his suspension and in the amount of $1000 per month after his reinstatement. We accept respondent's admission under those terms.

The ethical violations committed by respondent arise from three matters he handled in his capacity as an attorney. The facts are as follows:

### First Chicago Title Insurance Matter

This matter involves a loan transaction in which the signatures of the borrowers were forged by another party. Respondent admits that he executed the probate on the loan document without having witnessed the execution of the document by the borrowers and the witnesses. While respondent denied knowing that the signatures were forgeries at the time of the transaction, he admits that he should have known that the signatures were forgeries. As a result of his actions, Chicago Title Insurance Company obtained a judgment against respondent in this matter in the amount of $23,218.25.

### Second Chicago Title Insurance Matter

In this matter, respondent admits that he failed to remit premiums collected pursuant to commitments, policies and endorsements issued on behalf of Chicago Title Insurance Company. As a result of his actions, Chicago Title obtained a judgment against respondent in the amount of $19,817.18.

### Camp Center Partnership Matter

Respondent admits that as attorney for the Camp Center Partnership he failed to keep the partners adequately advised of the affairs of the partnership, failed to respond to the partners' inquiries regarding the same, and failed to respond to inquiries of the Board of Commissioners on Grievances and Discipline about the partnership after individual complaints from several partners. Respondent further admits that a final accounting of the partnership is long overdue and has agreed to have one performed by his counsel of record.

Respondent admits that in his handling of these matters he has failed to exercise the degree of competence and diligence demanded by Rules 1.1 and 1.3 of the Rules of Professional Conduct contained in Rule 407, SCACR. In addition, respondent admits that he failed to keep the partners of Camp Cen-

ter reasonably informed and failed to comply with their requests for information in violation of Rule 1.4 of the Rules of Professional Conduct. Finally, respondent admits that he violated Rules 8.1 and 8.4 of the Rules of Professional Conduct in failing to respond to the demands of the Board of Commissioners on Grievances and Discipline for information regarding Camp Center.

It is therefore ordered that respondent shall be suspended from the practice of law in this State for a period of six (6) months from the date of this opinion. Further, respondent shall promptly make the accounting of Camp Center that he has agreed to make and pay restitution to Camp Center if necessary. In addition, respondent shall pay restitution to Chicago Title Insurance Company until the judgments, to include interest, are fully paid. The monthly amount of restitution will be determined by the Board of Commissioners on Grievances and Discipline during the period of his suspension. Once respondent is reinstated as an attorney, he shall pay a total of $1000 per month in restitution. Respondent shall file proof of payment of the required restitution with the Board and, if he fails to do so, the Board shall promptly notify this Court. Finally, respondent shall file an affidavit with the Clerk of Court, within ten (10) days of service of this opinion, showing that he has complied with Paragraph 30 of Rule 413, SCACR.

Definite suspension.