23803

In the Matter of Edmonds T. BROWN, III, Respondent.

(427 S.E. (2d) 645)

Supreme Court

*Attorney General T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.*, Columbia, *for complainant.*

*Justin O'Toole Lucey, of Lucey & Whitten, P.A.,* Charleston, *for respondent.*

Submitted Jan. 12, 1993.

Decided Feb. 16, 1993.

*Per Curiam:*

In this attorney grievance proceeding, respondent admits that he has committed ethical violations and consents to a six (6) month suspension from the practice of law in this State. Respondent also consents to the continuation of the conditions of restitution imposed by this Court in its opinion dated April 27, 1992, that suspended respondent from the practice of law for six (6) months in an unrelated matter. *In re Edmonds T. Brown, III,* — S.C. —, 417 S.E. (2d) 590 (1992). We accept respondent's admission under those terms.

This matter involves respondent's collection of mortgage payments on behalf of a client. Respondent asserts that he has remitted all funds collected on behalf of this client. He admits, however, that while the funds were in his possession, he improperly co-mingled them with other funds. Further, during the investigation of this matter by the Board of Commissioners on Grievances and Discipline (Board), respondent admits that he falsely represented to the Board that he had held these funds in the form of separate cashier's checks. Finally, respondent admits that he should have terminated his relationship with this client upon the commencement of his prior suspension.

Respondent has violated the Rules of Professional Conduct contained in Rule 407, SCACR, by failing to keep client funds in a separate account in violation of Rule 1.15 and knowingly making a false statement of material fact to the Board in violation of Rule 8.1(a). Further, he has violated this Court's prior opinion by failing to terminate his relationship with the client when he was suspended from the practice of law.

It is therefore ordered that respondent shall be suspended from the practice of law in this State for a period of six (6) months from the date of this opinion. Further, the terms and conditions of respondent's prior suspension shall remain in force until respondent is in full compliance with them.

Definite suspension.