24156

In the Matter of Edmonds T. BROWN, III, Respondent.
(450 S.E. (2d) 586)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.*, Columbia, *for complainant.*

*Justin O'Toole Lucey*, of *Lucey & Whitten, P.A.*, Charleston, *for respondent.*

Submitted Sept. 27, 1994.

Decided Oct. 24, 1994.

*Per Curiam:*

In this attorney grievance proceeding, respondent admits that he has committed ethical violations and consents to an indefinite suspension from the practice of law in this State. We accept respondent's admission and suspend him indefinitely from the practice of law in this State.

In April 1992, respondent was suspended from the practice of law for six (6) months, ordered to provide an accounting for the Camp Center Partnership, and ordered to pay restitution to Chicago Title Insurance Company for his involvement in unrelated matters. *In re Edmonds T. Brown, III*, 308 S.C. 224, 417 S.E. (2d) 590 (1992). In February 1993, respondent was suspended from the practice of law for six (6) months for his involvement in other unrelated matters. The terms and conditions of his 1992 suspension were ordered to remain in effect until respondent fully compiled with them. *In re Edmonds T. Brown, III*, — S.C. —, 427 S.E. (2d) 645 (1993).

Respondent has now admitted to three additional ethical violations. The facts are as follows:

*South Carolina Tax Commission Matter*

In 1993, respondent pled guilty to wilfully failing to file an individual tax return for the year 1987.

*Charlie Brown Matter*

Respondent represented Charlie Brown prior to Mr. Brown's marriage. After the marriage, Mr. Brown went into business with his wife. Respondent represented Mr. and Mrs. Brown in matters related to the business. Respondent also

handled the closings when Mr. Brown purchased several pieces of land and placed them in Mrs. Brown's name. Thereafter, respondent represented Mr. Brown in a divorce action involving Mrs. Brown. Following the divorce, Mrs. Brown raised allegations of conflict of interest by respondent in his representation of Mr. Brown. Respondent also purchased assets from the Brown marital estate while representing Mr. Brown.

Initially, respondent has violated Paragraph 5 of the Rule on Disciplinary Procedure contained in Rule 413, SCACR, by committing a serious crime. Respondent has also violated the Rules of Professional Conduct contained in Rule 407, SCACR, by engaging in representation which created a conflict of interest in violation of Rule 1.7 and by not withdrawing from such representation in violation of Rule 1.16. In addition, respondent has violated Rule 1.8 by acquiring a proprietary interest in the subject matter of litigation which he was conducting for a client. Finally, by violating the Rules of Professional Conduct, committing a criminal act that reflects adversely on his honesty, trustworthiness and fitness as a lawyer, engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation and engaging in conduct prejudicial to the administration of justice, respondent has violated Rule 8.4.

It is therefore ordered that respondent shall be indefinitely suspended from the practice of law in this State. This suspension shall be retroactive to April 27, 1992, the date on which he was first suspended from the practice of law. In addition to the requirements for reinstatement set forth in Paragraph 37 of Rule 413, respondent's reinstatement shall be contingent upon his compliance with the terms and conditions set forth in this Court's opinion dated April 27, 1992. Respondent shall file an affidavit with the Clerk of Court, within fifteen (15) days of the date of this opinion, showing that he has complied with Paragraph 30 of Rule 413, SCACR.

Indefinite suspension.